# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| HORNBECK OFFSHORE SERVICES, LLC, | |
| Plaintiff, | CASE NO. C06-0782JLR |
| v. | MINUTE ORDER |
| NICHOLS BROTHERS BOAT BUILDERS, INC., et al., | |
| Defendants. | |

The following minute order is made by the direction of the court, the Honorable James L. Robart:

The court has received the parties' stipulation for a protective order (Dkt. # 22). For the reasons stated below, the court DENIES the stipulation.

Litigants often enter agreements regarding the confidentiality of documents they exchange during discovery. The court encourages such agreements, as they are often helpful in conducting discovery efficiently and without the intervention of the court. It is another matter, however, to place the court's imprimatur on such an agreement.

Fed. R. Civ. P. 26(c) governs the court's power to enter protective orders. Rule 26(c) requires the moving party to show "good cause" before the court enters a protective order. A stipulated "blanket" protective order, like the one the parties propose here, is insufficiently specific to permit the court to determine if any party has met the

MINUTE ORDER – 1

requirements of Rule 26(c). It also places discretion with the parties, rather than with the court. In addition, such "blanket" orders often exceed the scope of Rule 26(c). Again, the court encourages the parties to arrive at their own agreements for the exchange of discovery.[1] It merely declines to convert such agreements into an order of the court.

In addition, the parties' proposed stipulation for a protective order would improperly permit them to seal documents that they file with this court. As stated in Local Rules W.D. Wash. CR 5(g), "[t]here is a strong presumption of public access to the court's files and records which may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records, or documents from public view." Local Rule 5(g) sets forth the procedure for filing a motion to seal documents filed with the court. This procedure is the sole means by which a party may seal a document in a civil case before this court. A party may not seal a document without concurrently filing a motion to seal the document.[2] The proposed stipulation for a protective order before the court would permit the parties to seal documents without meeting the requirements of Local Rule 5(g). It is therefore improper.

Filed and entered this 2nd day of January, 2007.

BRUCE RIFKIN, Clerk

By  s/Mary Duett
    Deputy Clerk

---

[1] In the absence of such an agreement, it may be necessary during the course of litigation to move for a contested protective order. When the court reviews such a motion, it will consider the reasonableness of a party's refusal to enter into an agreement when it determines whether to award attorneys' fees and sanctions under Fed. R. Civ. P. 37(a)(4).

[2] When using the Western District of Washington's electronic filing system ("CM-ECF"), a party may unilaterally seal a document while awaiting the court's ruling on a motion to seal it.

MINUTE ORDER – 2